UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANDREW MOOREHEAD,

    Plaintiff,

v.                                            Case No. 3:19cv1622-MCR-HTC

ARAMARK CAMPUS LLC,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Andrew Moorehead, proceeding *pro se*, has filed this employment discrimination case against Defendant Aramark Campus LLC. Moorehead initially filed suit in the Circuit Court in and for Escambia County, Florida. Aramark removed the case to this Court under 28 U.S.C. §§ 1331 and 1446. This matter is before the Court on Aramark's motion to dismiss for failure to state a claim. ECF Doc. 3. Upon consideration, the undersigned respectfully recommends that the motion to dismiss be granted under Fed. R. Civ. P. 12(b)(6) and this case be dismissed.

The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most

favorable to the Plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). The allegations of the complaint, in their entirety, are as follows:

> On 22 October 2018, Aramark dismissed me from my position as an Evening Shift Baker at Nautilus Market facility on UWF Campus in Pensacola, FL. I am of the belief that they used discriminatory procedures in both their onboarding paperwork and in their decision to terminate my employment. I am suing for lost wages and damages totaling $19,092.75 and any applicable Sheriff's costs.

ECF Doc. 1-1 at 3.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, the Plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This "plausibility standard" requires a showing of "more than a sheer possibility" the Defendant is liable on the claim.  *Id.*  The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

Here, Moorehead's complaint does not contain any factual matter and consists of a speculative, naked assertion that Plaintiff is "of the belief" Aramark "used discriminatory procedures in both their onboarding paperwork and in their decision to terminate my employment."  ECF Doc. 1-1 at 3.  Such language does not satisfy the requirements of Fed. R. Civ. P. 8 or 12(b)(6).  To establish a claim of discrimination, Moorehead must show (1) he belongs to a protected class; (2) he was subject to an adverse employment action, (3) he was qualified for the job in question and (4) Aramark treated him differently from similarly situated employees.  *See e.g., McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Moorehead has failed to allege any facts sufficient to support any of the elements of his claim.  He has not identified how Aramark has discriminated against him or how he was treated differently from others similarly situated.  He has not identified the "onboarding" procedures he contends were discriminatory.  Indeed, Moorehead has failed to even allege that he is a member of a protected class.  His

termination, alone, does not state a cause of action for discrimination. The Court gave Moorehead an opportunity to respond to the motion to dismiss, but Plaintiff has not responded in any way. *See* ECF Doc. 5.

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to dismiss, ECF Doc. 3, be GRANTED.

2. That this action be DISMISSED under Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim on which relief may be granted.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 16th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.